THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AMAURY LÓPEZ RIVERA, Defendant and Appellant.

No. CR-66-7.     Decided May 23, 1967.

*Santos P. Amadeo* and *Rafael Padró Parés* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* for The People.

PER CURIAM: Appellant was accused, together with three other persons, of burglary in the first degree. He was found guilty by the court. He assigns two errors.

In the first assignment he argues that the judgment is void because defendant did not waive, expressly and personally, his right to trial by jury. The assignment is frivolous. From the record itself it appears that after the attorney for the defense informed the judge that they waived

the trial by jury, the following dialogue took place between the judge and the defendant:

"Q. Your name?

"A. Amaury López Rivera.

"Q. Do you agree that your case be heard by the court and not by twelve persons who sit there, listen to the evidence and judge on the basis of the evidence; that is, the jury?

"A. By the judge." (Tr. Ev. 1–2.)

■ In the second assignment of error he argues that the judgment is void because the only evidence which connected defendant with the commission of the crime was the testimony of an accomplice. This assignment also lacks merit. At the trial, when witness Rafael Santiago Oliveras was inquired about his age, the latter testified that he was 16 years old. The trial was held on August 29, 1962. The facts occurred on October 17, 1961 and on the date the crime was committed the witness was under 16 years of age, for which reason he was not an accomplice. Because he was under 16 years of age said witness could not commit a crime, but a fault, and he could not be prosecuted criminally nor be subject to the jurisdiction of ordinary courts. Act No. 97 of June 23, 1955, 34 L.P.R.A. § 2001 *et seq.*; Supplement; *People* v. *Montalvo*, 83 P.R.R. 700, 705 (1961).

■ It has been traditionally sustained that the rule on the necessity of corroborating an accomplice's testimony is due to the caution with which his testimony should be taken, since it is possible that he may act influenced by promise of immunity or better treatment for his participation in the commission of the offense. But when this element of promise or expectation of immunity or better treatment than defendant is lacking, the reason for the application of the rule fails. This happens in the case at bar, since the witness could not be prosecuted criminally, it cannot be presumed that he acted under promise of immunity or with the expectation of better treatment than defendant. *People* v. *Montalvo, supra,* p. 706; Wigmore, Evi-

dence 322, § 2057 (3rd edition); II Wharton, Criminal Evidence 227, § 447 (12th ed.) and 1 Underhill, Criminal Evidence 371, § 181 (5th ed.).

The errors assigned were not committed. The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Santana Becerra concurs in the result.